IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:11-cv-00884-JPG-SCW |
| ) | |
| BLACKHAWK ENGINEERING, INC.; ) | |
| MARIA GARZA, individually and as ) | |
| Administratrix of the Estate of Armando Garza ) | |
| and as next friend of YESENIA GARZA; and ) | |
| LIZETTE GARZA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Essex Insurance Company ("Essex") for its Complaint for Declaratory Judgment against Defendant, Blackhawk Engineering, Inc. alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for a declaratory judgment brought pursuant to 28 U.S.C. § 2201 concerning the rights and obligations of the parties under a certain professional liability insurance policy issued by Essex to defendant Blackhawk Engineering, Inc. ("Blackhawk") as more fully described below.

## THE PARTIES

2.  Plaintiff, Essex is a Delaware corporation with its principal place of business located in Glen Allen, Virginia. Essex is in the business of issuing policies of insurance, including certain professional liability policies issued to insureds such as Blackhawk.

3.  Defendant, Blackhawk is an Illinois corporation with its principal place of business located in Casey, Illinois.

4. Defendant, Maria Garza, Yesenia Garza and Lizette Garza are individuals and are citizens of the State of Texas and have filed the underlying suit against Blackhawk. These defendants are named herein because they are the plaintiffs in the underlying lawsuit. No relief is sought against these defendants other than to bind them to any declaratory judgment entered in this action.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon 28 U.S.C. §1332 as this matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the defendant resides here.

## THE MARCH 10, 2009 EXPLOSION AND RESULTING CLAIMS

7. Blackhawk is an engineering firm that allegedly pursuant to a contract with Marathon Oil Company was present at a worksite at a Marathon facility located in St. James, Louisiana on March 10, 2009.

8. During the course of the work, which involved welding on a pipeline being performed by others, an explosion occurred which allegedly injured several individual workers.

9. One of the workers, Armando Garza, was killed in the explosion and his representative has filed suit in the District Court of Harris County, Texas against Marathon, Blackhawk and other entities involved with the project. <u>Maria Garza, et al. v. Marathon Oil Company, et al.</u>, Cause No. 2009-60440 ("Garza Lawsuit").

10. Blackhawk was added as a defendant in the Garza Lawsuit through the filing of an Amended Petition in October, 2010. (A copy of the Amended Petition in the Garza Lawsuit is attached hereto as Exhibit A.)

11. In November, 2010, during the period a professional liability policy Essex had issued to Blackhawk was in effect, Essex was provided with notice of the Amended Petition adding Blackhawk to the Garza Lawsuit. Essex subsequently agreed to participate in Blackhawk's defense subject to a full reservation of all rights under the Essex policy.

12. Marathon has asserted a cross claim for contractual indemnity, equitable subrogation and/or contribution against Blackhawk in the Garza Lawsuit (the "Marathon cross claim").

13. On information and belief, at least one of the other injured workers, Diego Morales, has intervened as a party in the Garza Lawsuit.

14. When notice of the Amended Petition in the Garza Lawsuit was provided to Essex in late 2010, Essex was not notified that claims arising out of the March 10, 2009 explosion had previously been made against Blackhawk.

15. During the course of its further investigation, Essex learned that Blackhawk had received a letter dated April 16, 2009 from Marathon Oil Company, in which Marathon had asserted a demand to Blackhawk for defense and indemnity with respect to personal injury claims resulting from the March, 2009 explosion. Marathon enclosed a letter it had received from an attorney advising that he was representing two of the injured workers, Diego Morales and Carlos Rodriguez, Jr. (A copy of Marathon's April 16, 2009 letter, hereinafter referred to as the "Marathon Claim," is attached as Exhibit B.)

16. On information and belief on or about April 21, 2009, notice of the March 2009 explosion, alleged injuries to the workers present and Blackhawk's April 2009 receipt of the Marathon Claim demanding defense and indemnification from Blackhawk was reported to Westchester Fire Insurance Company, Blackhawk's professional liability insurer at that time.

17.     On information and belief, by letter dated June 9, 2009, Westchester notified Blackhawk that coverage was denied for the claims asserted by Marathon, Morales and Rodriguez.

18.     On information and belief, no later than June, 2009, notice of the March 2009 explosion, alleged injuries to the workers present and Marathon's Claim letter demanding defense and indemnification from Blackhawk was also reported to the Netherlands Insurance Company and Indiana Insurance Company, Blackhawk's general liability insurer and excess insurer at that time.

19.     On information and belief, by letter dated July 20, 2009, Netherlands and Indiana notified Blackhawk and Marathon that the notice of tender of claims was declined.

## RELEVANT POLICY PROVISIONS

20.     Essex issued policy number 10EO00087 to Blackhawk Engineering, Inc., effective for the policy period April 22, 2010 to April 22, 2011. This policy period was subsequently extended by endorsement to July 21, 2011. (A copy of the Essex policy is attached as Exhibit C.)

21.     The Essex policy provides professional liability coverage to Blackhawk on a "claims made" basis, pursuant to its Insuring Agreement which provides:

   1.   **Insuring Agreement**

        a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "claims" that result from the rendering or failure to render "professional services" for others to which this insurance applies. We have the right and duty to defend the insured against any "suit" seeking those damages. However, we have no duty to defend that insured against any "suit" seeking damages arising of "claims" that result from rendering or failure to render "professional services" to which this insurance does not apply. We may, at our discretion, investigate any alleged act, error or omission and settle any "claim" or "suit" that may result. But:

4

      (1)    the amount we will pay for damages is limited as described in Limits of Insurance and Deductible (Section III); and

      (2)    our right and duty to defend end when we have exhausted the applicable limit of insurance in the payment of judgments, settlements or supplementary payments under this policy.

  b.    This insurance applies to "claims" that result from the rendering or failure to render "professional services" only if:

      (1)    the damages are caused by an alleged act, error, or omission that takes place in the "coverage territory:' and

      (2)    the alleged act, error, or omission takes place after the Retroactive Date, if any, shown in the Declarations and before the end of the policy period; and

      (3)    a "claim" is first made against you, in accordance with paragraph c. below during the policy period or any Extended Reporting Period.

  c.    A "claim" by a person or organization seeking damages will be deemed to have been made at the earlier time when written notice of such "claim" is received by you or by us, whichever comes first.

If additional claims are subsequently made which arise out of the same or related "professional services" as a claim already made, then all such additional claims, whenever made, shall be deemed first made within the policy year or extended reporting period in which the earliest claim arising out of such professional services was made, and all such claims shall be subject to the same Limit of Liability.

22.    The Essex policy also contains the following exclusions:

This insurance does not apply to "claim(s)":

**Prior Claims**

  a.    first made against you prior to the inception of this policy...

**Contractual Liability**

  h.    based upon or arising out of the liability of others that you assume under a contract or agreement unless the liability would exist in the absence of a contract or agreement and that would result from the rendering or failure to render "professional services"...

23.    The Essex policy also added by endorsement a "prior incidents and prior construction defects exclusion" which provides:

> In consideration of the premium charged, it is hereby understood and agreed that no insurance coverage is provided under this policy to defend or indemnify any insured for "bodily injury" or "property damage" which has first occurred or begun prior to the effective date of this policy, regardless of whether repeated or continued exposure to conditions which were a cause of such "bodily injury" or "property damage" occur during the period of this policy and cause additional, progressive or further "bodily injury" or "property damage", all of which is excluded from coverage.
>
> This exclusion shall apply whether or not the insured's legal obligation to pay damages has been established as of the inception date of this policy.

24. The Essex policy contains the following definition:

> "Claim" or "Claims" means a request or a demand received by you or the Company for money or services, including the institution of a suit or arbitration proceedings against you, seeking damages.

## THE COVERAGE DISPUTE

25. After Essex was notified of the Garza Lawsuit in November, 2010, it subsequently agreed to participate in the defense of Blackhawk pursuant to a full reservation of all rights.

26. Based upon Essex's subsequent investigation and discovery that a "claim" as that term is defined in the Essex policy was asserted against Blackhawk for the March 10, 2009 explosion no later than April, 2009, Essex now disputes whether it has any obligation to defend and/or indemnify Blackhawk with regard to the Garza Lawsuit, any claim in intervention by Diego Morales, the Marathon cross claim or any other claims that may arise out of the March 10, 2009 explosion.

27. An actual controversy exists among the parties which can be resolved by this Court's entry of a declaratory judgment.

6

## COUNT I

### Claim Not First Made During Policy Period

28. Essex repeats and realleges the allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

29. The April 16, 2009 letter to Blackhawk from Marathon asserting a demand for defense and indemnity for the personal injuries arising out of the March 10, 2009 explosion constitutes a "claim" as defined in the Essex policy.

30. Pursuant to sub-paragraph b(3) of the Insuring Agreement, the Essex policy applies only where a claim is first made during the policy period of the Essex policy. Pursuant to sub-paragraph c, a claim is deemed to have been made at the earlier time when written notice of such "claim" is received by Blackhawk or by Essex, whichever comes first.

31. A "claim" against Blackhawk as a result of the March 10, 2009 explosion was made as of April, 2009 when Blackhawk received the Marathon letter.

32. The Essex policy Insuring Agreement further provides that where additional claims are subsequently made which arise out of the same or related "professional services" as a claim already made, then all such additional claims are deemed first made at the time the earliest such claim was made.

33. The Garza Lawsuit arises out of the same incident, involving the same alleged services by Blackhawk, as identified in the Marathon letter.

34. Because the Garza Lawsuit relates to the first "claim" arising out of Blackhawk's professional services in connection with the March 10, 2009 explosion, the Garza Lawsuit is a "claim" deemed first made in April, 2009 prior to and not during the policy period of the Essex policy.

35. By operation of the terms of the Essex policy, any claim by Diego Morales is also deemed first made in April, 2009 prior to the inception of the Essex policy.

36. By operation of the terms of the Essex policy, any cross claim asserted by Marathon against Blackhawk in the Garza Lawsuit is also deemed first made in April, 2009 prior to the inception of the Essex policy.

37. Essex has no duty to defend Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

38. Essex has no duty to indemnify Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

## COUNT II

### Exclusion A

39. Essex repeats and incorporates by reference the allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

40. In the alternative, the Essex policy contains Exclusion A, providing that the Essex policy does not apply to claims first made prior to the inception date of the policy.

41. By operation of the terms of the Essex policy, the Garza Lawsuit is deemed first made prior to the April 22, 2010 inception date of the Essex policy and coverage is barred by Exclusion A.

42. Any claim by Diego Morales is also deemed first made in April, 2009 prior to the inception of the Essex policy.

43. The Marathon cross claim is also deemed first made in April, 2009 prior to the inception of the Essex policy.

44. Essex, therefore, has no duty to defend Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

45. Essex also has no duty to indemnify Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

### COUNT III

### "Prior Incidents" Exclusion

46. Essex repeats and realleges the allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

47. The Essex policy includes by endorsement a "prior incidents and prior construction defects exclusion" which provides in pertinent part that no coverage is provided under the policy to defend or indemnify any insured for bodily injury which first occurred or had begun prior to the effective date of the policy.

48. The injuries alleged in the Garza Lawsuit, the Morales claim and to which the Marathon cross claim relates arise from the March 10, 2009 explosion which first occurred or began prior to April 22, 2010. Thus, any bodily injury first occurred or had begun prior to the effective date of the Essex policy.

49. Essex has no duty to defend Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

50. Essex has no duty to indemnify Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

### COUNT IV

### Known Loss/Absence of Fortuity

51. Essex repeats and realleges the allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

52. Prior to the inception of the Essex policy on April 22, 2010, Blackhawk knew of the March 10, 2009 explosion, that workers had been injured, that Marathon had asserted that

Blackhawk was liable as set forth in the April 16, 2009 letter, and that the March 10, 2009 explosion, alleged injuries to workers that were present and the Marathon letter had been reported to Westchester Fire, Netherlands Insurance and Indiana Insurance by June 2009.

53. Based on this knowledge possessed by Blackhawk as of April, 2010, any claims arising from the March 10, 2009 explosion did not constitute a fortuitous insurable risk under the Essex policy and were, as of the inception date of the Essex policy, a known loss or claim uninsurable under the Essex policy.

54. Essex has no duty to defend Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

55. Essex has no duty to indemnify Blackhawk in connection with the Garza Lawsuit, the Morales claim or the Marathon cross claim.

## COUNT V

### Exclusion H

56. Essex repeats and realleges the allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

57. Marathon by asserting a claim for contractual indemnification against Blackhawk as set forth in the Marathon letter and the subsequent Marathon cross claim seeks to impose liability on Blackhawk for, inter alia, all bodily injury which occurs, either directly or indirectly in the performance of the work to which their contract related or by reason of Blackhawk's presence on Marathon's premises without regard to Marathon's fault or negligence.

58. Any such contractual assumption by Blackhawk of Marathon's liability exceeds that which would otherwise be imposed under the law.

59. Essex, therefore, owes no coverage obligations for any contractual indemnification sought in the Marathon cross claim.

WHEREFORE, Essex respectfully requests the entry of judgment as follows:

A) Declaring that Essex has no obligation to defend Blackhawk against the Garza Lawsuit, Marathon cross claim or Morales claim;

B) Declaring that Essex has no obligation to indemnify Blackhawk against the Garza Lawsuit, Marathon cross claim or Morales claim; and

C) Awarding Essex such other or further relief as this Court deems appropriate.

ESSEX INSURANCE COMPANY

By: /s/ Philip R. King
One of Its Attorneys

Steven D. Pearson
Philip R. King
MECKLER BULGER & TILSON MARICK & PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
M:\14905\pleading\DJ Complaint SD Ill.doc