UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>BLACKHAWK ENGINEERING, INC., MARIA GARZA, individually, as Administratrix of the Estate of Armando Garza, and as next friend of YESENIA GARZA, and LIZETTE GARZA,<br><br>      Defendants. | Case No. 11-cv-884-JPG-SCW |
| BLACKHAWK ENGINEERING, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>ESSEX INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>      Defendants. | Case No. 11-cv-1054-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Essex Insurance Company's unopposed motions to consolidate *Essex Insurance Company v. Blackhawk Engineering, Inc.*, No. 11-cv-884-JPG-SCW, with *Blackhawk Engineering, Inc. v. Essex Insurance Company*, No. 11-cv-1054-JPG-SCW (No. 11-cv-884-JPG-SCW, Doc. 26; No. 11-cv-1054-JPG-SCW, Doc. 17), pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a) allows the Court discretion to consolidate cases that involve a common question of law or fact.

It appears that these two actions seek opposing declarations of coverage or non-coverage

by the same insurance policy.  Accordingly, they clearly involve common questions of law and fact, and the Court believes they are appropriate for consolidation.  The Court therefore **GRANTS** the motions (No. 11-cv-884-JPG-SCW, Doc. 26; No. 11-cv-1054-JPG-SCW, Doc. 17) and **CONSOLIDATES** *Essex Insurance Company v. Blackhawk Engineering, Inc.*, No. 11-cv-884-JPG-SCW, with *Blackhawk Engineering, Inc. v. Essex Insurance Company*, No. 11-cv-1054-JPG-SCW, for all further proceedings.  The Court further **ORDERS** the parties to make all future filings in *Essex Insurance Company v. Blackhawk Engineering, Inc.*, No. 11-cv-884-JPG-SCW, using the consolidated caption;  nothing further shall be filed in *Blackhawk Engineering, Inc. v. Essex Insurance Company*, No. 11-cv-1054-JPG-SCW.

This consolidation further moots Blackhawk's motion to stay or dismiss these proceedings under *Brillhart v. Excess Insurance Company*, 316 U.S. 491 (1942) (Doc. 10).  *Brillhart* held that a federal court may decline to exercise jurisdiction over a declaratory judgment claim when another proceeding in state court would fully adjudicate all the matters in controversy in that claim.  *Brillhart*, 316 U.S. at 494-95.  The state proceeding to which Blackhawk refers in its motion is the case that was removed to federal court as *Blackhawk Engineering, Inc. v. Essex Insurance Company*, No. 11-cv-1054-JPG-SCW, and that is now consolidated with lead case *Essex Insurance Company v. Blackhawk Engineering, Inc.*, No. 11-cv-884-JPG-SCW.  Thus, there is no longer any state proceeding upon which to base abstention under *Brillhart*.  Accordingly, the Court **DENIES as moot** Blackhawk's motion to stay or dismiss (Doc. 10) and motion for a hearing on that motion (Doc. 12).

**IT IS SO ORDERED.**
**DATED: February 2, 2012**

                s./ J. Phil Gilbert\_\_\_\_
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**