UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>BLACKHAWK ENGINEERING, INC., MARIA GARZA, individually, as Administratrix of the Estate of Armando Garza, and as next friend of YESENIA GARZA, and LIZETTE GARZA,<br><br>            Defendants. | Case No. 11-cv-884-JPG-SCW |
| BLACKHAWK ENGINEERING, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ESSEX INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>            Defendants. | Case No. 11-cv-1054-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Blackhawk Engineering, Inc.'s ("Blackhawk") motion for a continuance pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 44).  In that motion, it asks the Court to deny Essex Insurance Company's ("Essex") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 32) or, in the alternative, to compel Essex to comply with discovery and to grant an extension of time to respond to Essex's motion.  It believes Essex's failure to respond to discovery in a timely manner justifies the requested relief.  Essex has responded by asking the Court to strike Blackhawk's motion as

inapplicable since a Rule 56(d) motion only pertains to motions for summary judgment under Rule 56(a), not motions for judgment on the pleadings under Rule 12(c) (Doc. 49).

Blackhawk's current motion is misplaced. Rule 56(d) motions are appropriate where there is a pending motion *for summary judgment* under Rule 56(a) and additional discovery is needed to find evidence to counter the motion. However, Essex's pending motion is not a motion for summary judgment but a motion *for judgment on the pleadings* pursuant to Rule 12(c). Such a motion does not depend on evidence obtained through discovery but on the complaint, answer and any written instruments attached to those pleadings. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The plaintiff may also present an affidavit or brief demonstrating how it could make out a claim consistent with the facts alleged in the complaint, even though the substance of the affidavit or brief is not included in the complaint. *See Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). However, discovery is not essential to respond to a Rule 12(c) motion because the motion is based on the pleadings. Thus, the lack of discovery responses will not justify denying a Rule 12(c) motion. However, the Court will grant Blackhawk a short extension of time up to and including April 27, 2012, to respond to Essex's motion for judgment on the pleadings.

The Court further notes that, if Blackhawk has a complaint about Essex's compliance with discovery, it should bring its complaint before Magistrate Judge Williams in the manner set forth in his Case Management Procedures, which are available at http://www.ilsd.uscourts.gov/Judges/Williams.aspx.

For the foregoing reasons, the Court:

- **DENIES** Blackhawk's motion pursuant to Rule 56(d) (Doc. 44);
- **DENIES** Essex's motion to strike (Doc. 49); and

- **ORDERS** that Blackhawk shall have up to and including April 27, 2012, to respond to Essex's motion for judgment on the pleadings.

**IT IS SO ORDERED.**
**DATED: April 17, 2012**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**