UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br><br>   Plaintiff,<br><br> v.<br><br>BLACKHAWK ENGINEERING, INC., MARIA GARZA, individually, as Administratrix of the Estate of Armando Garza, and as next friend of YESENIA GARZA, and LIZETTE GARZA,<br><br>   Defendants. | Case No. 11-cv-884-JPG-SCW |
| BLACKHAWK ENGINEERING, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>ESSEX INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>   Defendants. | Case No. 11-cv-1054-JPG-SCW |

## **MEMORANDUM AND ORDER**

  This matter comes before the Court on Essex Insurance Company's ("Essex") motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 32). In this litigation, Essex seeks a declaratory judgment that an insurance policy (number 10EO00087) it issued to Blackhawk Engineering, Inc. ("Blackhawk") does not oblige it to defend or indemnify Blackhawk against claims brought against Blackhawk in an underlying case in Texas state court – *Garza v. Marathon Oil Company*, Cause No. 2009-60440, filed in the District Court of Harris County, Texas. Blackhawk seeks a contrary declaration.

  In *Garza*, Maria Garza (in various capacities), Lizette Garza, and Diego Morales Ruiz

bought claims against Blackhawk, Marathon Oil Company ("Marathon") and others; Marathon brought a cross-claim against Blackhawk. Essex believes the pleadings establish that Diego Morales Ruiz's claim (the "Diego Morales Ruiz intervention") and Marathon's cross-claim ("the "Marathon cross-claim") were first made prior to the inception date of the Essex policy and are therefore not covered by the policy. Blackhawk has informed the Court it will not respond to the motion.

In ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), the Court considers the complaint, answer and any written instruments attached to those pleadings, accepts all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Judgment on the pleadings is appropriate "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

The Court has reviewed the pleadings and finds that, even taking all its allegations as true and drawing all reasonable inferences in its favor, Blackhawk cannot prove facts to support a claim that the Essex insurance policy provides coverage for the Diego Morales Ruiz intervention or the Marathon cross-claim. For this reason, the Court **GRANTS** the motion (Doc. 32) and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case, including the following declaration:

> Insurance policy numbered 10EO00087 issued by Essex Insurance Company to
> Blackhawk Engineering, Inc. does not afford coverage to Blackhawk
> Engineering, Inc. for the events that serve as the basis for the following claims:
> (1) the intervention by Diego Morales Ruiz against Blackhawk Engineering, Inc.

in *Garza v. Marathon Oil Company*, Cause No. 2009-60440, filed in the District Court of Harris County, Texas; and (2) the cross-claim by Marathon Oil Company against Blackhawk Engineering, Inc. in *Garza v. Marathon Oil Company*, Cause No. 2009-60440, filed in the District Court of Harris County, Texas.

Essex Insurance Company owes no duty to defend or indemnify Blackhawk Engineering, Inc. against any of the allegations by Diego Morales Ruiz in his intervention in *Garza v. Marathon Oil Company*, Cause No. 2009-60440, filed in the District Court of Harris County, Texas; and

Essex Insurance Company owes no duty to defend or indemnify Blackhawk Engineering, Inc. against any of the allegations by Marathon Oil Company in its cross-claim in *Garza v. Marathon Oil Company*, Cause No. 2009-60440, filed in the District Court of Harris County, Texas.

The issue of Essex's obligation to defend and indemnify Blackhawk against the Garzas' claims remains pending in this lawsuit.

**IT IS SO ORDERED.**
**DATED: May 18, 2012**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**